1  SEYFARTH SHAW LLP
   Kristina M. Launey (SBN 221335)
2  E-mail: klauney@seyfarth.com
   Michael W. Kopp (SBN 206385)
3  mkopp@seyfarth.com
   Tiffany T. Tran (SBN 294213)
4  ttran@seyfarth.com
   400 Capitol Mall, Suite 2350
5  Sacramento, California 95814-4428
   Telephone:    (916) 448-0159
6  Facsimile:    (916) 558-4839

7  SEYFARTH SHAW LLP
   Ari Hersher (SBN 260321)
8  Email: ahersher@seyfarth.com
   560 Mission Street, 31st Floor
9  San Francisco, California 94105
   Telephone:    (415) 397-2823
10 Facsimile:    (415) 397-8549

11 Attorneys for Defendants
   WINCO HOLDINGS, INC. and
12 BRANDON RODGERS

13                    UNITED STATES DISTRICT COURT

14                    EASTERN DISTRICT OF CALIFORNIA

15

16 WENDY CENIS,                          Case No.

17              Plaintiff,               **NOTICE OF REMOVAL BY WINCO
                                         HOLDINGS, INC.**
18       v.

19 WINCO HOLDINGS, INC., a corporation;
   BRANDON RODGERS, an individual;
20 and DOES 1 through 25, inclusive.

21              Defendants.

22

23       **TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF**

24 **CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

25       PLEASE TAKE NOTICE that Defendant WinCo Holdings, Inc. ("WinCo") files this Notice of

26 Removal pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, based on diversity of citizenship

27 jurisdiction, to effect the removal of the above-captioned action from the Superior Court of the State of

28

California for the County of Kern, to the United States District Court for the Eastern District of California.  Removal is proper for the following reasons:

**I.      PLEADINGS, PROCESSES, AND ORDERS**

1.      On August 25, 2015, Plaintiff Wendy Cenis filed a Complaint for Damages in the Superior Court of the State of California, County of Kern, entitled, "WENDY CENIS, Plaintiff, v. WINCO HOLDINGS, INC., a corporation; BRANDON RODGERS, an individual; and DOES 1 through 25, inclusive, Defendants."  The Complaint was assigned Kern County Superior Court Case No. BCV-15100822 ("Complaint" or "Compl.").  A true and correct copy of the Summons and Complaint, as well as other materials served therewith, is attached as **Exhibit A**.

2.      The Complaint alleges causes of action for: (1) Disability Discrimination; (2) Failure to Engage in the Interactive Process; (3) Failure to Reasonably Accommodate a Disability; (4) Failure to Prevent Discrimination; (5) Retaliation in Violation of the FEHA; (6) Retaliation in Violation of the California Labor Code; (7) Wrongful Termination; (8) Defamation by Slander; (9) Breach of Implied Warranty of Merchantability; and (10) Declaratory or Injunctive Relief.  Only the defamation cause of action is pleaded against Rodgers. *See* **Exhibit A**.

3.      On September 1, 2015, WinCo was served with Plaintiff's Summons and Complaint and accompanying documents. *Id.* On November 17, 2015, Rodgers, through counsel of record, agreed to waive service of Summons.  A true and correct copy of November 18, 2015 Notice of Signed Waiver For Service of Summons of Defendant Brandon Rodgers is attached as **Exhibit B**.

4.      On October 1, 2015, WinCo and Rodgers (collectively "Defendants") timely removed the case to the United States District Court for the Eastern District of California. Defendants argued that Plaintiff fraudulently joined Rodgers as a defendant to this lawsuit as a sham defendant exclusively for the purpose of avoiding this Court's diversity jurisdiction. A true and correct copy of the Notice of Removal is attached as **Exhibit C**.

5.      On October 19, 2015, Plaintiff filed a motion to remand the case to Kern County Superior Court. On October 23, 2015, Defendants filed a motion to dismiss Plaintiff's Complaint. On August 12, 2016, this Court granted Plaintiff's motion to remand and denied Defendants' motion to dismiss, finding that Plaintiff had sufficiently pleaded a defamation claim against Rodgers. True and correct copies of the

parties' briefing on Plaintiff's motion to remand and Defendants' motion to dismiss, as well as the Court's August 12, 2016 Order is attached as **Exhibit D**.

6.      On September 26, 2016, Defendants timely answered Plaintiff's Complaint. A true and correct copy of the Answer is attached as **Exhibit E**.

7.      On March 30, 2017, Defendants filed their motion for summary judgment. Plaintiff filed her opposition on June 2, 2017.  While Plaintiff opposed the motion generally, she submitted no evidence in opposition to the motion for summary adjudication of the single defamation claim against Defendant Rodgers.  Defendants filed their reply on June 9, 2017. On June 16, 2017, the parties appeared before Hon. Thomas Clark of the Kern County Superior Court for hearing on Defendants' motion.  During oral argument, Plaintiff's counsel admitted that Plaintiff had not offered any evidence in support of her defamation claim against the Defendants. True and correct copies of the parties' briefing on Defendants' motion for summary judgment and the June 16, 2017 transcript of the summary judgment hearing are attached as **Exhibit F.**

8.      On June 27, 2017, the Court denied summary judgment but dismissed Plaintiff's breach of implied warranty of merchantability and defamation claims.  Accordingly, Rodgers is no longer a defendant to this action, and the only remaining defendant in this action is WinCo. A true and correct copy of the Court's June 27, 2017 Order is attached as **Exhibit G**.

8.      The remaining entirety of the state court file to date is attached as **Exhibit H**.

## II.      <u>TIMELINESS OF REMOVAL</u>

9.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3). Kern County Superior Court dismissed Plaintiff's sole cause of action against Rodgers -- Plaintiff's defamation claim -- on June 27, 2017, which constituted the first order from which it was ascertainable that the case was removable. *See* **Exhibit G**. Accordingly, this removal is timely because WinCo has filed this notice of removal within 30 days of receipt of the Court's Order on June 27, 2017. 28 U.S.C. § 1446(b)(3).

10.      This notice of removal is also timely filed pursuant to 28 U.S.C. section 1446(c)(1) because Plaintiff acted in bad faith by naming Rodgers as an individual defendant to defeat diversity and prevent WinCo from removing this action. The only cause of action Plaintiff asserted against Rodgers was her defamation claim. *See* **Exhibit A, ¶¶** 130-140. Despite the fact that Plaintiff was aware that she

3

had no cognizable claim against Rodgers from the moment she filed her Complaint in August 2015, Plaintiff kept Rodgers as a defendant to this action to prevent WinCo from removing this action. Indeed, Plaintiff did not litigate her defamation claim throughout the entirety of this action. Despite propounding over eighteen sets of written discovery, Plaintiff did not direct any written discovery to this claim. (Declaration of Tiffany Tran ("Tran Decl." ¶ 3.) Plaintiff's discovery responses and deposition testimony further confirm Plaintiff's bad faith in asserting the claim. In response to WinCo's interrogatories seeking the identification of each person who heard any allegedly defamatory statements by Rodgers, Plaintiff purported to identify three WinCo employees (Janelle Raber, Serah Reed and Gisel Villeda). Yet when questioned about her responses at deposition, Plaintiff admitted -- in contradiction of her verified responses -- that these employees either did not hear any defamatory statements (Raber) or she did not know whether these employees heard any defamatory statements (Reed and Villeda). Plaintiff further testified that she never heard Rodgers make a defamatory statement, never heard any report of Rodgers making a defamatory statement, and she *did not know the origin of the allegedly defamatory statements* that underpinned her sole cause of action against Rodgers. Plaintiff was only able to point to vaguely-recalled gossip, supposedly made by *two other employees whose names Plaintiff could not identify*. Plaintiff admitted there was no mention of Rodgers in this alleged conversation and she did not know how these unidentified employees received the information. (Tran Decl., ¶¶ 4-5, Exhibit 1.) Notably, despite taking the depositions of the Raber, Reed, and Villeda, Plaintiff asked *no questions* regarding Rodgers' purported defamatory statements at their depositions. (Tran Decl., ¶ 4.) Most tellingly, as noted in the Court's June 23, 2017 minute order, Plaintiff's counsel conceded to the Court during the June 16, 2017 hearing on Defendants' summary judgment motion that Plaintiff did not offer any evidence in support of her defamation claim. (*See* **Exhibits F & G**.) Put simply, Plaintiff did not actively litigate this claim. It is evident that Plaintiff named, and kept, Rodgers as a defendant in bad faith and solely for the purpose of preventing WinCo from removing this action. Because Plaintiff acted in bad faith to prevent WinCo from removing this case, and this removal is timely pursuant to 28 U.S.C. section 1446(c)(1).

## III.   DIVERSITY OF CITIZENSHIP JURISDICTION

11.     This action may be properly removed on the basis of diversity of citizenship jurisdiction, in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  28 U.S.C. §§ 1332(a)(1), 1441(a).

### A.     Plaintiff Is A Citizen Of California.

12.     To establish citizenship for diversity purposes, a natural person must be both: (a) a citizen of the United States; and (b) a domiciliary of one particular state.  *See*, *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A party's residence is *prima facie* evidence of his or her domicile.  *See State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir. 1994).  Here, Plaintiff is, and at the institution of this civil action was, a citizen of the State of California.  *See* Compl., ¶ 1.

### B.     Defendant WinCo Is Not A Citizen Of California.

13.     WinCo is now, and was at the time of the filing of this action, a citizen of a state other than California.

14.     Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court's decision in *The Hertz Corp. v. Friend*, 559 U.S. 77 (2010), has now clarified the meaning of § 1332(c).  Specifically, the Supreme Court held that a corporation's "principal place of business" for determining its citizenship is the corporation's "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's "nerve center."  And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center" . . . .

*Id*. at 80-81.

15.     WinCo is now, and was at all relevant times, incorporated under the laws of the State of Idaho.  WinCo's principal place of business is located in Idaho, where WinCo's corporate headquarters and executive offices are located and where WinCo's high-level officers direct, control, and coordinate its activities. All of WinCo's executive and administrative functions take place in Idaho. WinCo is thus a citizen of Idaho and not a citizen of the State of California.

**C.     Doe Defendants' Citizenship**

16.     The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal.  28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

17.     Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants one through twenty five, inclusive, does not deprive this Court of jurisdiction.

**IV.     AMOUNT IN CONTROVERSY**

18.     While Defendants deny any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.00.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996).  The jurisdictional amount may be determined from the face of the complaint.  *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  However, as explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).

19.     In determining whether a complaint meets the $75,000.00 threshold of 28 U.S.C. § 1332(a), a court may consider the aggregate value of claims for compensatory and punitive damages, as well as attorneys' fees.  *See, e.g.*, *Bell v. Preferred Life Ass. Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.") (footnote omitted); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) cert. denied, 459 U.S. 945 (1982) (attorneys' fees may be taken into account to determine jurisdictional amount).  Here, _Plaintiff's Complaint expressly seeks at least $4,000,000.00 in claimed damages_.  Indeed, in eight separate causes of action, Plaintiff alleges"[t]he amount of Cenis's damages will be ascertained at trial, but are believed to be in excess of $500,000." Compl., ¶¶ 62, 72, 83, 95, 105, 115, 137, 147.  Standing alone, this amount far exceeds $75,000.00.

20.    Plaintiff also seeks attorneys' fees. Compl. at Prayer, ¶ 5.  As noted above, attorneys' fees must be considered when ascertaining the amount in controversy.  *Goldberg,* 678 F.2d at 1367.  It is appropriate for a defendant to rely on jury verdicts in similar cases to establish the amount in controversy.  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Verdicts show that attorneys' fees in employment cases typically exceed $75,000.00.  *See Denenberg v. California Dep't of Trans.*, 2007 WL 2827715 (San Diego County Sup. Ct. Sept. 14, 2006) (attorney's fees award of $490,000.00 in case alleging discrimination, harassment, and retaliation); *McMillan v. City of Los Angeles,* 2005 WL 3729094 (Los Angeles County Sup. Ct. March 21, 2005) (attorney's fees award of $504,926.00 in case alleging discrimination and retaliation for filing lawsuit to redress discrimination); *Gallegos v. Los Angeles City College*, 2003 WL 23336379 (Los Angeles County Sup. Ct. Oct. 16, 2003) (attorney's fees award of $159,277.00 for claim of discrimination and retaliation).  *See* Tran Decl. ¶ 4, Exhibit 2.  Therefore, the inclusion of a claim for attorneys' fees also supports the conclusion that the amount in controversy exceeds $75,000.00.

21.    Requests for punitive damages must be taken into account in ascertaining the amount in controversy.  *Davenport v. Mutual Benefit Health and Accident Assn.*, 325 F.2d 785, 787 (9th Cir. 1963).  Here, Plaintiff also seeks punitive damages.  Compl. at Prayer, ¶ 3.  The amount of punitive damages awarded is based on the financial worth of the defendant, and is meant to punish the defendant in such a way that it will have a tangible financial consequence.  Without conceding that punitive damages are appropriate or applicable here, for a defendant of WinCo's net worth, it is likely that a punitive damages award, if assessed, could exceed $75,000.00.

22.    For the above reasons, the amount in controversy in this matter greatly exceeds the $75,000.00 jurisdiction requirement for removal.

## V.    **VENUE**

23.    Plaintiff filed this action in the Superior Court of California, County of Kern.

24.    The County of Kern lies within the jurisdiction of the United States District Court, Eastern District of California.

25.    Therefore, without waiving Defendants' right to challenge, among other things, personal

jurisdiction and/or venue by way of a motion or otherwise, venue lies in the Eastern District of California pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a).  This Court is the United States District Court for the district within which the State Court Action is pending.  Thus, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).  Additionally, the events giving rise to Plaintiff's claims occurred in the Eastern District of California.  Thus, venue lies in this Court pursuant to 28 U.S.C. § 1391.

## VI.   SERVICE OF NOTICE OF REMOVAL ON STATE COURT

26.   A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Kern, as required under 28 U.S.C. § 1446(d).

27.   WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Kern, to the United States District Court for the Eastern District of California.


DATED: June 28, 2017                         Respectfully submitted,

                                             SEYFARTH SHAW LLP


                                   By:   ___/s/ Tiffany T. Tran___
                                             Kristina M. Launey
                                             Ari Hersher
                                             Michael W. Kopp
                                             Tiffany T. Tran

                                             *Attorneys for Defendants*
                                             WINCO HOLDINGS, INC. and BRANDON RODGERS