UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY CENIS,<br><br>        Plaintiff,<br><br>    v.<br><br>WINCO HOLDINGS, INC.,<br><br>        Defendant. | No. 1:17-cv-00863-DAD-JLT<br><br>ORDER GRANTING REQUEST FOR CONTINUANCE<br><br>(Doc. No. 22) |

        This matter was removed here for the second time[1] on June 28, 2017 from Kern County Superior Court. (Doc. No. 1.) This removal was predicated on the dismissal of the defamation claims against the sole non-diverse defendant, Brandon Rodgers. (*See id.* at 3–4.) Shortly after removal, on August 8, 2017, plaintiff filed a motion for partial summary judgment. (Doc. No. 14.) On August 15, 2017, defendant sought a continuance of the hearing on plaintiff's motion for partial summary judgment, requesting the hearing on that motion be scheduled for October 17, 2017. (Doc. No. 22.) The following day, plaintiff filed an opposition to the request to continue the hearing. 23.)

        Defendant requests a continuance for three main reasons: (1) defense counsel is unavailable on the hearing date chosen by plaintiff; (2) defendant would like time to retain an

---

[1] The case was previously removed here in 2015 and then remanded to state court on August 12, 2016. *See Cenis v. WinCo Holdings, Inc., et al.*, No. 1:15-cv-01502-DAD-JLT, Doc. Nos. 1, 38.

1

expert to address plaintiff's contention; and (3) defendant anticipates filing a cross-motion for summary judgment, and believes the motions should be considered together. (Doc. No. 22 at 2.) Plaintiff opposes this request, asserting that (1) defendant has "failed to show" that none of the attorneys of record can appear telephonically; (2) plaintiff's summary judgment motion raises no issues not already raised in state court and defense counsel has not identified what expert need be retained here; and (3) because defendant already filed a motion for summary judgment in state court (which was denied), it should be barred from filing a second one before this court unless it can show different issues will be raised. (Doc. No. 23.)

The court will grant defendant's request for a continuance. Defense counsel's sworn statement that the attorneys working on the case are unavailable is accepted by the court. (Doc. No. 22-1 at ¶ 4.) While the court permits and even encourages telephonic appearances, it does so solely for the parties' convenience and does not require telephonic appearance. Moreover, it appears expert discovery has not yet been conducted in this federal action, and is the sole remaining area of discovery in this case. (Doc. No. 21 at 10.) The recently-issued scheduling order issued by this court sets the close of expert discovery for December 29, 2017. (Doc. No. 25 at 1.) It is reasonable for defendant to want the opportunity to engage in expert discovery prior to contesting plaintiff's partial summary judgment motion. Additionally, defendant indicates it will file a cross motion for summary judgment. Deciding both motions for summary judgment at the same time is a significantly more efficient use of the court's time and resources.[2] Indeed, the dispositive motion filing deadline was just set today for February 16, 2018. (Doc. No. 25.) Hearing the motion for partial summary judgment on October 17, 2017 will still be considerably

---

[2] Plaintiff's assertion that defendant is barred from filing a summary judgment motion here because a summary adjudication motion in state court was rejected is incorrect. *See Marlo v. United Parcel Service, Inc.*, No. CV 09-07717 DDP (RZx), 2010 WL 3075037, at *1 (C.D. Cal. Aug. 4, 2010) (noting summary judgment decisions in state court are subsequently treated as interlocutory holdings that may be "'set aside or reverse[d]' should 'cogent reasons or exceptional circumstances' so warrant") (quoting *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 530 (9th Cir. 2000)); *see also Hoffman v. Tonnemacher*, 593 F.3d 908, 910 (9th Cir. 2010) (presuming propriety of successive motions for summary judgment); *Fairbank*, 212 F.3d at 532–33 (approving district court determination that "the California summary judgment standard differed in material respects from the federal standard," providing a cogent reason to reconsider state court decision).

ahead of the schedule set today in this case.

Therefore, good cause being shown, the hearing on this motion for partial summary judgment is continued to October 17, 2017 at 9:30 a.m.  The parties should consult Local Rule 230 concerning deadlines for filing in connection with any motions to be heard on that date.

IT IS SO ORDERED.

Dated: **August 18, 2017**

_____
UNITED STATES DISTRICT JUDGE