UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY CENIS,<br><br>    Plaintiff,<br><br>    v.<br><br>WINCO HOLDINGS, INC., a corporation,<br><br>    Defendant. | No.: 1:17-cv-00863-DAD-JLT<br><br><u>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u><br><br>(Doc. Nos. 14, 34, 46.) |

This matter is before the court on the parties' cross-motions for summary judgment. Plaintiff Wendy Cenis ("plaintiff" or "Cenis") filed a motion for partial summary judgment on August 8, 2017. (Doc. No. 14.) Defendant WinCo Holdings, Inc. ("defendant" or "WinCo") filed a motion for summary judgment on October 3, 2017. (Doc. No. 34.) A hearing on both motions was held on December 19, 2017, with attorney Michael Bononi appearing telephonically on behalf of plaintiff and attorney Ari Hersher appearing telephonically on behalf of defendant. Following the hearing, the motions were taken under submission. For the reasons set forth below, plaintiff's motion will be denied and defendant's motion will be granted in its entirety.

**BACKGROUND**

Plaintiff began working for WinCo as a cashier on July 1, 2014. (Doc. No. 30 (joint statement of undisputed facts or "JSUF") at ¶ 1.) Plaintiff began her employment with WinCo at

1

its grocery store located on Blue Lake Blvd. North in Twin Falls, Idaho ("Twin Falls store"). (*Id.* at ¶ 2.) During her employment at the Twin Falls store, plaintiff received progressive discipline for recurring unexcused absenteeism, including a period of unpaid suspension. (Doc. No. 34-2 (defendant's statement of undisputed facts or "DSUF") at ¶¶ 5–6.) Plaintiff was warned that further violation of the company's absenteeism policies would result in disciplinary actions, including termination. (*Id.*) As of March 22, 2015, defendant permitted plaintiff to transfer to the WinCo store located on Coffee Road in Bakersfield, California ("Bakersfield store"), even though she had too many attendance point violations to qualify for a transfer under company policy. (JSUF at ¶ 4.)

According to plaintiff, on May 9, 2015, she arrived at the Bakersfield store in advance of her shift, ate chicken salad purchased from the WinCo deli, and then began to feel ill. (Doc. No. 31 (plaintiff's statement of undisputed facts or "PSUF") at ¶ 7.) Plaintiff states that during her shift on May 9, 2015, she developed severe diarrhea, sweats, stomach cramps, and overall body pain, and became so sick that she was having difficulty standing because she felt dizzy and weak. (*Id.* at ¶ 10.) As a result, plaintiff states that she left work before the end of her scheduled shift. (*Id.* at ¶ 11.) Plaintiff also states that she did not attend work on May 10, 2015 because she was still vomiting and suffering from diarrhea. (*Id.* at ¶ 13.) Defendant disputes various aspects of plaintiff's account of these events, including whether she was actually ill, whether the lead cashier gave plaintiff permission to leave work, and if she was ill, the cause of her food poisoning. (Doc. No. 33-1 at ¶¶ 6–10.) However, it is undisputed that plaintiff did not seek medical treatment or take any medication for her alleged food poisoning. (JSUF at ¶¶ 17, 18.)

Plaintiff worked her scheduled shifts on May 11 and May 12, 2015. (JSUF at ¶ 15.) On May 13, 2015, plaintiff met with Jeremiah Westbrook, the WinCo Assistant Manager, and told him that she had vomited and possibly gotten sick from food she purchased from WinCo's deli on May 9, 2015 prior to her shift. (DSUF at ¶ 19.) On May 14, 2015, plaintiff emailed WinCo's Human Resources Specialist, Janelle Raber, regarding her food poisoning and the attendance points she had been assessed as a result of leaving work that day. (PSUF at ¶ 20.) On May 19, 2015, upon the advice of WinCo management, plaintiff filed a claim with Unum Group

("Unum"), WinCo's third party leave administrator, contesting the attendance points assessed for her absence from work on May 9 and 10. (JSUF at ¶ 22.) Unum evaluated whether plaintiff qualified for leave under the Family and Medical Leave Act ("FMLA") and the California Family Rights Act ("CFRA"), and concluded that because plaintiff had not worked for defendant for a year as of May 9, 2015, she did not qualify for either. (JSUF at ¶ 25.)

On June 4, 2015, WinCo terminated plaintiff's employment. (JSUF at ¶ 33.) Gisel Villeda, WinCo's Regional Human Resources Director, based her recommendation to terminate plaintiff's employment, in whole or in part, on all of her absences from work, including her absences on May 9 and 10, 2015. (PSUF at ¶ 38.)

On August 25, 2015, plaintiff, a California resident, filed a complaint in the Kern County Superior Court against WinCo and Brandon Rodgers, the manager of the Bakersfield store. (Doc. No. 1 at 2.) On October 1, 2015, defendants removed this action to federal court purportedly on the basis of this court's diversity jurisdiction. (*Id.*) On August 12, 2016, this court granted plaintiff's motion to remand and denied defendants' motion to dismiss, finding that plaintiff had sufficiently pled a defamation claim against Rodgers. (*Id.*) The case was remanded back to Kern County Superior Court.

On March 30, 2017, defendants filed a motion for summary judgment in Kern County Superior Court. (*See* Doc. No. 1 at 3.) On June 27, 2017, the state court denied defendants' motion for summary judgment but dismissed plaintiff's breach of implied warranty of merchantability and defamation claims. (*Id.*) Accordingly, Mr. Rodgers was then no longer a defendant in this action and the only remaining defendant was WinCo. (*Id.*)

On June 28, 2017, defendant WinCo again removed the case based on this court's diversity jurisdiction. (Doc. No. 1.) On August 8, 2017, plaintiff filed a motion for partial summary judgment on her claim for disability discrimination under the California Fair Employment and Housing Act ("FEHA"). (Doc. No. 14.) Defendant filed a motion for summary judgment on October 3, 2017 as to all of plaintiff's claims. (Doc. No. 34) The parties submitted a joint statement of undisputed facts (Doc. No. 30), as well as individual statements of disputed facts and the underlying evidence. (*See* Doc. Nos. 18, 31, 33-1, 34-2, 43-1, 44-2, 44-3.) On

3

December 13, 2017, plaintiff filed a motion to strike defendant's reply separate statement of undisputed facts in support of its cross-motion for summary judgment.[1]  (Doc. No. 46.)

## LEGAL STANDARD

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).  When the non-moving party bears the burden of proof at trial, as plaintiff does here, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment . . . is satisfied." *Id.* at 323.

---

[1] The court has not considered defendant's reply separate statement of undisputed facts in ruling on the pending cross-motions for summary judgment.  Therefore, plaintiff's motion to strike (Doc. No. 46) is denied as moot.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits or admissible discovery material in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(c)(1); *Matsushita*, 475 U.S. at 586 n.11; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment."). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the non-moving party, *see Anderson*, 477 U.S. at 250; *Wool v. Tandem Computs. Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all inferences supported by the evidence in favor of the non-moving party." *Walls v. Cent. Contra Costa Cty. Transit Auth.*, 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party,

there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

**DISCUSSION**

Plaintiff seeks partial summary judgment in her favor with respect to her claim that she was discriminated against by defendant based upon a physical disability in violation of FEHA, California Government Code § 12940. (Doc. Nos. 14, 15 at 6–7.)

Defendant seeks summary judgment in its favor on all of plaintiff's claims that have not been summarily adjudicated by the state court. Those remaining claims before this court are: 1) unlawful discrimination based upon a physical disability in violation of FEHA; 2) failure to engage in the interactive process in violation of FEHA; 3) failure to reasonably accommodate a disability in violation of FEHA; 4) failure to prevent discrimination and retaliation in violation of FEHA; 5) retaliation in violation of FEHA; 6) retaliation in violation of California Labor Code § 6310; 7) wrongful termination in violation of public policy; and 10) for declarative and injunctive relief.

**I.     Disability Discrimination Claims under FEHA**

A prima facie case for disability discrimination under FEHA based on grounds of physical disability requires that the plaintiff: 1) establish that she suffers from a disability; 2) is otherwise qualified to do her job; and 3) was subject to an adverse employment action because of her disability. *Faust v. California Portland Cement Co.*, 150 Cal. App. 4th 864, 886 (2007); *Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp.3d 1086, 1095 (E.D. Cal. 2017). Under FEHA, a "physical disability" is any "physiological disease, disorder or condition" that both affects a specific bodily system and limits a major life activity. Cal. Gov't Code § 12926(m). "A mental or psychological disorder or condition limits a major life activity if it makes the achievement of the major life activity difficult." *Id.* at § 12926(j)(1)(B); *Gelfo v. Lockheed Martin Corp.*, 140 Cal. App. 4th 34, 46 (2006); *Alejandro v. S T Micro Electr., Inc.*, 129 F. Supp.3d 898, 907 (N.D. Cal. 2015). Additionally, a person is physically disabled if the individual is "regarded or treated by the individual's employer as having, or having had, any condition that makes achievement of a major life activity difficult, or as having, or having had, a physiological condition that is not presently disabling, but that may become so." *Gelfo*, 140 Cal. App. 4th at 45 (internal quotations

omitted); *see also Vasconcellos v. Sara Lee Bakery*, No. C 13-2685 SI, 2013 WL 6139781, at *3 n.3 (N.D. Cal. Nov. 21, 2013).

Since FEHA is an anti-discrimination law modeled after the federal Americans with Disabilities Act ("ADA"), courts analyze FEHA claims under the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *See Zeinali v. Raytheon Co.*, 636 F.3d 544, 546 (9th Cir.2011); *Alejandro*, 178 F. Supp.3d at 859. Accordingly,

> [o]n a motion for summary judgment brought against such a cause of action the plaintiff bears the burden of establishing a prima facie case of discrimination based upon physical disability, and the burden then shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse employment action. Once the employer has done so the plaintiff must offer evidence that the employer's stated reason is either false or pretextual, or evidence that the employer acted with discriminatory animus, or evidence of each which would permit a reasonable trier of fact to conclude the employer intentionally discriminated.

*Ellis v. City of Reedley*, No. CVF0501474 AWI SMS, 2007 WL 1098571, at *9 (E.D. Cal. Apr. 12, 2007).

Here, plaintiff argues that she is entitled to partial summary judgment on her disability discrimination claim brought under FEHA. (Doc. No. 15 at 10–16.) Plaintiff argues that her temporary stint of food poisoning limited the major life activity of working and thus qualifies as a disability as a matter of law. (Doc. No. 15 at 10–15.) Plaintiff cites the decision in *Diaz v. Federal Express Corp.*, 373 F. Supp. 2d 1034 (C.D. Cal. 2005) for the proposition that there is no durational requirement for disabilities under FEHA. In *Diaz* the district court concluded that a plaintiff who suffered from a mental condition for seven months was not, as a matter of California law, barred from asserting that he suffered from a disability under FEHA and that the trier of fact

/////
/////
/////
/////
/////
/////

would have to determine whether his "condition, although temporary, constituted a disability. *Id.* at 1053.[2]

Here, plaintiff also argues that, as recognized by the district court in *Diaz*, there is no durational requirement for a disability under FEHA. (Doc. No. 15 at 18.) According to plaintiff, she could not have worked during her bout of food poisoning, and she is therefore entitled to partial summary judgment on her disability discrimination claim. (*Id.* at 13–16.) Defendant argues that plaintiff fails to establish a prima facie case for disability discrimination because the short term food poisoning she suffered does not qualify as a disability under FEHA. (Doc. No. 34-1 at 12.)

Although broad, FEHA's definition of "disability" does not recognize all temporary ailments as disabilities. *See Diaz*, 373 F. Supp. 2d at 1050 (collecting cases discussing whether various physical conditions qualify as physical disabilities). Rather, it is established that under FEHA, "[n]ot every illness qualifies as [a] disability." *Featherstone v. S. California Permanente Med. Grp.*, 10 Cal. App. 5th 1150, 1167 (2017) (quoting *Avila v. Cont'l Airlines, Inc.*, 163 Cal. App. 4th 1237, 1249 (2008)); *see also Parker v. Comcast Cable Commc'n Mgmt., LLC*, Case No. 15-cv-05673-THE, 2017 WL 2289176, at *5 (N.D. Cal. May 25, 2017), *appeal docketed* No. 17-16318 (9th Cir. June 27, 2017); *Madrigal v. Senior Aerospace SSP*, Case No. 2:16-cv-1883-CAS (SSx), 2016 WL 4251573, at *2 (C.D. Cal. Aug. 9, 2016). A physical disability includes but is

---

[2] In rejecting the argument that under California law no temporary mental condition could constitute a disability, the district court in *Diaz* stated:

> Defendant's argument boils down to an assertion that the Legislature could not possibly have intended for temporary ailments to constitute "disabilities" under the FEHA, because this would mean that every citizen in California who suffered from a cold, the flu, or the degree of stress or depression that most employees in the workplace experience would be "disabled" under the FEHA, and this would be "an absurd result." However, the mere fact that a statute is "absurd" does not preclude a finding that it is what the Legislature intended, especially since Defendant does not seem to have a textual foothold for the proposition that the Legislature intended to include a durational requirement in its definition of "disability."

373 F. Supp. 2d at 1052.

8

not limited to: "[h]aving any physical disease, disorder, condition, cosmetic disfigurement, or anatomical loss that . . . [l]imits a major life activity." Cal. Gov't Code § 12926(k); *Colmenares v. Braemar Country Club, Inc.*, 29 Cal. 4th 1019, 1030–32 (2003) (under FEHA the claimed physical disability must merely "limit" the employee's ability to participate in major life activities, rather than "substantially limit" such activities). Nonetheless, the applicable California regulation provides that the definition of a disability excludes:

> conditions that are mild, which do not limit a major life activity, as determined on a case-by-case basis. These excluded conditions have little or no residual effects, such as the common cold; seasonal or common influenza; minor cuts, sprains, muscle aches, soreness, bruises, or abrasions; non-migraine headaches, and minor and non-chronic gastrointestinal disorders.

Cal. Code Regs. tit. 2, § 11065.

In this case, plaintiff experienced symptoms from food poisoning, including vomiting and diarrhea, for approximately two days. (*See* JSUF at ¶¶ 15, 19.) It is undisputed that she did not take medication to treat her food poisoning, did not seek treatment, and that her symptoms did not return after the incident in question. (*Id.* at ¶¶ 17, 18.) Her ailment is precisely the type of mild, temporary condition with little or no residual effects that fails to qualify as a disability under FEHA. *See* Cal. Code Regs. tit. 2, § 11065 (expressly excluding "non-chronic gastrointestinal disorders" from the FEHA definition of "disability"); *Parker,* 2017 WL 2289176, at *5 (distinguishing a temporary sickness or illness from a disability under FEHA); *Sandoval v. Mercedes-Benz USA, LLC*, No. CV1104255 DMG JCGX, 2012 WL 12884684, at *4 (C.D. Cal. May 29, 2012) (concluding in the FEHA context that "stomach flu, food poisoning, and hangover, among other conditions were temporary illnesses rather than a disability*); see also Dirks v. The Permanente Med. Grp., Inc.*, 2010 WL 1779932, at *4 (E.D. Cal. Apr. 29, 2010) ("Similar to *Avila*, where providing medical forms that stated plaintiff was hospitalized and sick was insufficient to put defendant on notice of the disability, complaints about the building's condition and difficulty breathing are generalized complaints that do not show Defendant knew about Plaintiff's disability. There are other reasonable interpretations of Plaintiff's complaints: the symptoms could be a recurring sickness, a chronic allergic reaction, or a side effect of

9

medications.").

It is possible that some temporary ailments may, in the abstract, cause a limitation of a major life activity sufficient to constitute a physical disability under FEHA. *See Diaz*, 373 F. Supp. 2d at 1050-53 (finding the question of whether plaintiff's temporary condition constituted a disability to be properly determined by the trier of fact). However, that possibility does not mean that all temporary conditions constitute a disability as a matter of law. Instructive in this regard is the decision in *Ellis v. City of Reedley*, where in questioning any such expansive definition of disability under FEHA, the court stated:

> [t]he concept of disability necessarily incorporates the idea of exceptionality. If a condition is universal, it cannot be said to be a disability because all members of the society are burdened equally with respect to that condition. While it is the evident intent of [the] Legislature to construe the definition of disability broadly, the fact [the] Legislature used the term "disability" indicates an intent to apply some limitation as to the universe of potential claimants; that is, to provide a cause of action to those who are the exception by reason of the extent or duration of the limitations imposed by their medical or mental condition on a major life function. Put bluntly, if [the] legislature had intended to protect workers from adverse employer action if they simply called in sick from the flu or who took a "mental health day off," [the] legislature would have so stated, rather than providing relief only to those with a "disability."

No. CVF0501474 AWI SMS, 2007 WL 1098571, at *11 (E.D. Cal. Apr. 12, 2007). Following this reasoning the court found that an individual who suffered from infrequent migraine headaches, but never suffered one during his employment except for the instance that gave rise to his termination, did not have a temporary condition that satisfied the necessary duration to constitute a disability. *Id.* at 11. Rather, the court concluded that such a condition merely placed "Plaintiff in the class of the great majority of people who may occasionally suffer a bout of the flu or some similar temporary malady that requires them to take a day off, but who cannot logically be termed 'disabled.'" *Id.*

Here, plaintiff's temporary bout of food poisoning cannot be fairly characterized as rising to the level of imposing "an actual limitation of a major life activity, as opposed to simply the need to take a day off." *Id.* at *11. In this case, it is undisputed that plaintiff experienced symptoms of food poisoning, including diarrhea and vomiting, for two days: a common ailment

that will, at some point, temporarily affect nearly all individuals. (PSUF at ¶ 10–14.)³ Despite preventing her from attending work for a short, plaintiff's food poisoning,⁴ which was not a chronic condition and had only occurred once during her employment, did not rise to the level of a condition that could limit the major life activity of working.

Further, there is no evidence before the court on summary judgment indicating that defendant perceived plaintiff to suffer from a disability. *See* Cal. Gov't Code § 12926 (defining disability as "[b]eing regarded by the employer or other entity covered by this part as having, or having had, any physical condition that makes achievement of a major life activity difficult."). Plaintiff has come forward with evidence indicating, at most, that WinCo and its agents perceived her as suffering from a short-term and ubiquitous ailment of food poisoning, rather than a physical condition that limited a major life activity. (*See* Doc. No. 42 at 7–9.) For the reasons set forth above that condition, given the evidence presented on summary judgment in this case, plaintiff's perceived physical condition does not rise to the level of a disability under FEHA. *See Gelfo*, 140 Cal. App. 4th at 53 (where the evidence established the employer "regarded" the employee as disabled due to a perceived back injury, the employee was physically disabled within the meaning of FEHA).

Due to the lack of a FEHA qualifying disability, the court finds plaintiff has failed to meet her burden of establishing a prima facie case of discrimination based upon physical disability. This being the case, plaintiff's motion for summary judgment in her favor on her first

---

³ In contrast, conditions that courts have found to implicate potential limitation on major life activities, including that of work, are neither temporary nor commonly experienced. *See e.g. E.E.O.C. v. United Parcel Serv., Inc.*, 424 F.3d 1060, 1072 (9th Cir. 2005) (employees with monocularity are limited in the major life activity of working); *Soria v. Univision Radio Los Angeles, Inc.*, 5 Cal. App. 5th 570, 586 (2016), review denied (Mar. 1, 2017) (whether an employee's stomach tumor limited the major life activity of working was an issue of fact); *Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1095 (E.D. Cal. 2017) (an employee diagnosed with sciatica and a herniated and two bulging spine discs had impairments that limited one or more major life activities under the ADA and FEHA).

⁴ The court is not persuaded by plaintiff's argument that her food poisoning constitutes a disability because she was unable to work pursuant to state and federal laws regulating food facilities. (See Doc. No. 15 at 13–16.) A physical condition must still rise to the level of limiting a major life activity before it constitutes a disability. *See Colmenares*, 29 Cal. 4th at 1031–32.

cause of action under FEHA must be denied and defendant's motion for summary judgment in its favor as to that claim must be granted. Moreover, plaintiff's claims for disability discrimination, failure to engage in an interactive process in violation of FEHA, and failure to reasonably accommodate a disability in violation of FEHA are all dependent on the existence of a FEHA-qualifying disability. Having found that plaintiff's bout of food poisoning, under the evidence presented in this case, cannot constitute a disability under FEHA, defendant is entitled to summary judgment in its favor as to each of those claims as well.

**II.     Retaliation Claims**

Finally, defendant has also moved for summary judgment in its favor on plaintiff's retaliation claims brought under FEHA and California Labor Code § 6310. (Doc. No. 34–1 at 20.)

Under FEHA, a prima facie case of retaliation requires the following showing: 1) a protected activity; 2) an adverse employment action; and 3) a causal link between the protected activity and the employer's action. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *Light v. California Department of Parks and Recreation*, 14 Cal. App. 5th 75, 91 (2017); *Akers v. Cty. of San Diego*, 95 Cal. App. 4th 1441, 1454 (2002); *see also Dawson v. Entek Int'l,* 630 F.3d 928, 936 (9th Cir. 2011). An individual engages in a "protected activity" when she "oppose[s] any practices forbidden under [FEHA] or … file[s] a complaint, testifies[s], or assist[s] in any proceeding under the [FEHA]." Cal. Gov. Code § 12940(h); *see also Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994). In considering FEHA retaliation claims, California courts apply the *McDonnell Douglas* burden-shifting analysis discussed above. *See Yanowitz*, 36 Cal. 4th at 1042. Under that analysis, once an employee establishes a prima facie case of retaliation, the burden shifts to the employer to offer a legitimate, non-retaliatory reason for the adverse employment action. *Yanowitz*, 36 Cal. 4th at 1042; *Light*, 14 Cal. App. 5th at 91; *Flores v. City of Westminister*, 873 F.3d 739, 750 (9th Cir. 2017). If the employer produces a legitimate, non-retaliatory reason for the adverse employment action, the burden shifts back to the employee to prove intentional retaliation. *Id*.

/////

A retaliation claim brought under California Labor Code § 6310 also requires that the plaintiff prove the same elements. *See Cuevas v. SkyWest Airlines*, 17 F. Supp. 3d 956, 964 (N.D. Cal. 2014) (a prima facie case of retaliation under § 6310 requires a protected activity, an adverse employment action, and a causal link between the two), *aff'd sub nom. Cuevas v. SkyWest Airlines, Inc.*, 644 F. App'x 791 (9th Cir. 2016); *see also Suhovy v. Sara Lee Corp.*, No. 1:12-cv-01889-LJO-GSA, 2014 WL 1400824, at *6 (E.D. Cal. Apr. 10, 2014).

Plaintiff argues that defendant retaliated against her for her May 14, 2015 email to Janelle Raber, a Human Resources Specialist at WinCo, in which plaintiff described her food poisoning and requested removal of the attendance points that she received for missing work as a result of the sickness. (Doc. No. 17-1 at 81–83; 42 at 24–25.) Plaintiff contends that her email was a request for a reasonable accommodation. (*Id.*) Defendant argues that plaintiff's May 15, 2015 email does not constitute protected activity, and further, that it could not have caused her termination. (Doc. No. 44 at 17.)

Effective January 1, 2016, California Assembly Bill No. 987 established that a request for a reasonable accommodation for a disability may constitute a protected activity. *See* Cal. Gov't Code § 12940 (*amended by* A.B. 987, 2015 Cal. Legis. Serv. Ch. 122). However, even if it were construed as a request for accommodation, the FEHA amendment does not apply retroactively to plaintiff's May 15, 2015 email. *Id.*; *Keshe v. CVS Pharmacy Inc.*, No. 2:14-cv-08418-CAS(MANX), 2016 WL 1367702, at *10 (C.D. Cal. Apr. 5, 2016) (concluding that the 2016 FEHA amendment does not apply retroactively), *aff'd sub nom. Keshe v. CVS Pharmacy*, No. 16-55645, 2017 WL 4653437 (9th Cir. Oct. 17, 2017). Under the undisputed evidence before the court on summary judgment, plaintiff's retaliation claim fails because her May 15, 2015 email does not qualify as protected activity.

Plaintiff also argues that an email she sent on May 14, 2015 constitutes a protected activity on her part because therein she raised complaints regarding unsafe food being sold by defendant. (Doc. No. 42 at 25–27.) Plaintiff asserts that such activity is protected under Labor Code § 6310. (*Id.*) This email is before the court on summary judgment. (Doc. No. 34-5 at 168.) On its face, the email merely contests the attendance points that plaintiff was assessed by

13

defendant due to her absence from work. (*Id.*)  While in the email, plaintiff does mention that she was throwing up because of something she ate at work, the clear subject of the email was plaintiff's complaint that it was not "right to get points for something I had no control over" (*id.*) and not to report or complain about potentially unsafe food at WinCo.  In subsequent emails, plaintiff indicated that she did not want to fill out an accident report at the time of the incident because she "never thought they would give me points for going home sick." (Doc. No. 17-1 at 81.)[5]  There is simply no evidence before the court on summary judgment from which it could be found that plaintiff's emails to representatives of defendant were intended to be health and safety complaints related to food sold by defendant.  Accordingly, plaintiff's emails are not protected activity.

Plaintiff has also failed to come forward with any evidence on summary judgment of any causal link between her May 14, 2015 email and her subsequent termination.  The evidence before the court establishes that plaintiff was informed on May 13, 2015 that her absences on May 9 and 10, 2015 subjected her to the next step in WinCo's progressive discipline policy and that she faced termination as a result.  (DSUF at ¶ 9.)  Plaintiff has also failed to present any evidence on summary judgment supporting her contention that her May 14, 2015 email was the actual cause of her termination from employment.  For these reasons, defendant's motion for summary judgment on plaintiff's retaliation claims will be granted.

Further, because the court will grant summary judgment in favor of defendants on all of plaintiff's retaliation claims and because the court previously found that plaintiff's condition does not constitute a disability under FEHA, the court will also grant summary judgment to defendant on plaintiff's claim of failure to prevent discrimination and retaliation in violation of FEHA, as that claim is dependent on establishing either disability discrimination or retaliation. (*See* Doc. No. 1-1 at 25–27.)

/////

---

[5] The court notes that assistant store manager Jeremiah Westbrook stated at the time that plaintiff refused the opportunity to "fill out an accident report because she didn't know why she was sick." (Doc. No. 17-1 at 77.)

14

**III. Wrongful Termination and Derivative Claim for Injunctive Relief**

Plaintiff's seventh cause of action is for wrongful termination in violation of public policy. (Doc. No. 1–1 at 30-32.) The public policy that plaintiff points to is set forth in FEHA, which prohibits discrimination against employees based on a disability, and § 6310 of the Labor Code, which prohibits discrimination against employees for making health and safety complaints. (*Id.* at 31.) Because defendant is entitled to judgment on plaintiff's claims for discrimination or retaliation under those statutes, plaintiff's derivative claim of wrongful termination in violation of public policy also fails as a matter of law. *Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1150 (9th Cir. 2017) ("Merrick's other claims are derivative of his FEHA age discrimination claim, and so necessarily fail along with that claim. A common law claim for wrongful termination in violation of public policy requires a showing that there has been a violation of a fundamental public policy embodied in statute."); *Tumblin v. USA Waste of California, Inc.,* No. CV 16-2902 DSF (PLAx), 2016 WL 3922044, at *8 (C.D. Cal. July 20, 2016) (a plaintiff failing to state a claim for age discrimination under FEHA could not state a derivative claim of wrongful termination in violation of public policy); *Sneddon v. ABF Freight Syss.*, 489 F.Supp.2d 1124, 1131 (S.D. Cal. 2007).

Plaintiff also requests declaratory and injunctive relief with respect to her FEHA claims. Because defendant is entitled to summary judgment on plaintiff's claims for discrimination or retaliation under FEHA, plaintiff's derivative claim for declaratory and injunctive relief under FEHA fail as a matter of law as well. *Id.*

**IV. Punitive Damages**

Under California law, punitive damages may be appropriate when "it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294. Since all of plaintiff's claims are summarily adjudicated in favor of defendant, no claims remain on which plaintiff can recover such damages.

/////

/////

/////

15

**CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for partial summary judgment (Doc. No. 14) is denied;

2. Defendant's motion for summary judgment (Doc. No. 34) is granted in its entirety;

3. Plaintiff's motion to strike defendant's reply separate statement of undisputed facts (Doc. No. 46) is denied as moot;

4. All currently scheduled dates for further proceedings in this action are vacated; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **May 25, 2018**

UNITED STATES DISTRICT JUDGE